IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD GENE BLANTON, § | | |
| TDCJ No. 1307891, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:22-cv-2350-X-BN | |
| § | | |
| CASEY BLAIR, ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Donald Gene Blanton is a Texas prisoner who was convicted in a state court in the district of tampering with physical evidence (for which he was sentenced to life imprisonment) and of possession of less than one gram of cocaine (for which he was sentenced to 20 years of imprisonment). *See State v. Blanton*, Nos. 23592-86 & 23078-86 (86th Dist. Ct., Kaufman Cnty., Tex. June 29, 2005), *aff'd*, Nos. 05-05-01060-CR & 05-05-01061-CR, 2006 WL 2036615 (Tex. App. – Dallas July 21, 2006, pet ref'd).

Since then, he has unsuccessfully challenged both convictions collaterally in state and federal court. *See, e.g.*, *Blanton v. State Court of Tex.*, No. 3:17-cv-137-N-BN, 2017 WL 663559 (N.D. Tex. Jan. 17, 2017), *rec. accepted*, 2017 WL 661443 (N.D. Tex. Feb. 17, 2017).

Blanton has now filed a *pro se* civil complaint against two state judges and the Kaufman County District Attorney, alleging that his civil rights have been violated. *See* Dkt. No. 3. But he neither paid the filing fee nor moved for leave to proceed *in*

*forma pauperis* (IFP).

United States District Judge Brantley Starr referred Blanton's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Blanton pays the full filing fee of $402.00.

Prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Blanton is now subject to this three-strikes bar. *See Blanton v. Solis*, No. 3:21-cv-291-D-BK, 2021 WL 1147587 (N.D. Tex. Feb. 18, 2021), *rec. adopted*, 2021 WL 1139407 (N.D. Tex. Mar. 25, 2021) (dismissing complaint with prejudice as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)), *appeal dismissed*, No. 21-10530 (5th Cir. July 14, 2021); *Blanton v. Dir., TDCJ-CID*, No. 3:22-cv-336-G-BK (N.D. Tex. Apr. 21, 2022), *rec. accepted*, 2022 WL 1488440 (N.D. Tex. May 11, 2022) (dismissing complaint with prejudice under Section 1915A and 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief can be granted), *appeal dismissed*, No. 22-10540 (5th Cir. June 22, 2022); *Blanton v. Dir.,*

*TDCJ-CID*, No. 3:22-cv-1411-B-BK, 2022 WL 3580776 (N.D. Tex. Aug. 4, 2022), *rec. accepted*, 2022 WL 3578267 (N.D. Tex. Aug. 19, 2022) (dismissing complaint as frivolous under Section 1915(e)(2)(B) and 1915A(b)), *no appeal docketed*.

The only exception to this bar is where a prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

But, to meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at *1.

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)). The "specific allegations" must therefore reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the

likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). For example, as to allegedly inadequate medical care, use of "the past tense when describing" symptoms (which should be corroborated by medical records or grievances) does not allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam).

And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

As Blanton's current civil complaint falls under the three-strikes provision, he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But his complaint lacks substantive factual allegations to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g). The Court should therefore bar Blanton from proceeding IFP. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Plaintiff Donald Gene Blanton pays the full filing fee of $402.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 20, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE