UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD GENE BLANTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-CV-2350-X-BN |
| | § | |
| CASEY BLAIR, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. No. 4]. Plaintiff Donald Gene Blanton, a Texas prisoner, filed a *pro se* civil complaint against two state judges and the Kaufman County District Attorney, alleging violations of his civil rights. But he neither paid the filing fee nor moved for leave to proceed *in forma pauperis*. Although Blanton moved to proceed *in forma pauperis* after the Magistrate Judge filed these findings, conclusions, and recommendation, the Magistrate Judge concluded that Blanton is barred from bringing this action *in forma pauperis* under the three-strikes provision of the Prison Litigation Reform Act ("PLRA").[1] Section 1915(g) of the PLRA provides that a prisoner may not bring a civil action *in forma pauperis* if that prisoner has, on three or more prior occasions while incarcerated, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

---
[1] Doc. No. 4 at 2.

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] The Magistrate Judge found that Blanton has accrued three strikes under § 1915(g) and that "his complaint lacks substantive factual allegations to show that he currently is in imminent danger of serious physical injury."[3]

Blanton filed objections, arguing that he is in fact under imminent danger of serious physical injury.[4] He contends that the state prison in which he is being held is a "high-risk dangerous environment . . . where the deadly [coronavirus] is being easily spread[] and causing death."[5] To meet the imminent danger requirement of § 1915(g), a "prisoner must allege specific facts showing that he is under imminent danger of serious physical injury."[6] "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)."[7] Blanton's COVID-related allegations are unsupported by specific facts and therefore do not adequately establish imminent danger of serious physical injury.

Blanton offers no response to the Magistrate Judge's conclusion that he accrued three strikes under § 1915(g). Nor does he adequately allege imminent

---

[2] 28 U.S.C. § 1915(g).

[3] Doc. No. 4 at 2–4.

[4] Doc. No. 6 at 4.

[5] *Id.*

[6] *Valdez v. Bush*, No. 3-08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (Godbey, J.).

[7] *Id.* (quoting *Niebla v. Walton Correctional Inst.,* No. 3-06-CV-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. Jul. 20, 2006)).

2

danger of serious physical harm. Accordingly, the Court **OVERRULES** Blanton's objection.

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendations to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. [Doc. No. 4]. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED,** this 16th day of February, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE